## J. J. JONES v. STATE.

No. A-5104. Opinion Filed June 22, 1925.
(237 Pac. 468.)

 

J. F. Thomas, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. Plaintiff in error was convicted on a charge that he did have in his possession three gallons of whisky, with intent to sell the same, and in accordance with the verdict of the jury was sentenced to pay a fine of $100, and to be confined for 30 days in jail. From the judgment an appeal was taken by filing in this court, April 5, 1924, a petition in error with case-made.

The errors assigned question the sufficiency of the evidence to support the verdict, and that the court erred in admitting incompetent testimony. No brief has been filed, and the case was submitted on the merits.

The evidence shows that two deputy sheriffs went to the defendant's place, five miles northwest of Lawton, and, under authority of a search warrant, searched the premises; that the defendant told them to go ahead and search; that they did not need any search warrant. About 30 feet from the house in the yard they found six one-half gallons of corn whisky in a box. As a witness in his own behalf, the defendant denied any knowledge of the whisky being there.

In cases of this kind we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in

the admission of evidence. It is a well-established rule that, where the testimony is conflicting, and is fairly submitted to the jury, a new trial will not be granted, if the testimony is sufficient to sustain the verdict.

From a careful examination of the case, both as to the law and the evidence, we have failed to discover anything whereof the plaintiff in error has just right to complain.

The judgment of the lower court is therefore affirmed.